UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:                                         Case No.: 11-59772
                                             Chapter 7
KENNETH C. FARKAS,                Hon. Walter Shapero

                           Debtor.
_____/

## OPINION GRANTING U.S. TRUSTEE'S MOTION TO DISMISS UNDER 11 U.S.C. § 707(b)(3)

The matter before the Court is the United States Trustee's ("UST") Motion to Dismiss the debtor's case pursuant to 11 U.S.C. § 707(b)(3) for abuse. For the reasons that follow, the Court finds the debtor's filing is an abuse of chapter 7 and dismissal is warranted.

The debtor, Kenneth C. Farkas ("Debtor"), filed a voluntary petition under chapter 7 of the U.S. Bankruptcy Code on July 21, 2011. Debtor is 39 years old and has been employed for the past 11 years at Johnson Controls, which provides him with a 401(k). His total unsecured debt is $181,781. Schedule B of his voluntary petition shows the 401(k) has a cash value of $127,070. Prior to filing for bankruptcy, he took out two loans against his 401(k). The first loan originated on August 1, 2008, and was in the amount of $31,000. Its remaining balance is $12,007.49 (as of October 24, 2011), and its final payment date is July 16, 2013. The second loan originated on October 29, 2009, and was in the amount of $15,000. Its remaining balance is $9,658.15 (as of October 24, 2011), and its final payment date is November 16, 2014.

Debtor makes monthly 401(k) loan repayments totaling $855.52, $584.48 of which is attributable to the first loan and $271.09 to the second loan. Under Schedule I in

his voluntary petition, he deducted $855.52 in calculating his average monthly income. His Schedule J shows a monthly net disposable income of only $18.78.

On September 15, 2011, the UST filed a motion to dismiss Debtor's bankruptcy case pursuant to § 707(b)(3), claiming the totality of the circumstances demonstrated abuse. In its motion, the UST contends the monthly loan repayments are not deductible and must be considered disposable income. According to the UST, the payout to unsecured creditors under a chapter 13 plan would be around 18%. Debtor contends his payout to unsecured creditors would be significantly less, since around the first loan payoff date he will need to purchase a replacement vehicle. By subtracting $400 per month for car payments (for 42 months) and car insurance increases from his disposable income, he calculates the payout to unsecured creditors would be reduced to about 9%.

Authority to dismiss a case under chapter 7 for abuse is derived from § 707(b)(1), which provides in part:

> After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter.

Under § 707(b)(3)(B), when bad faith is not a factor, courts examine the totality of the circumstances in determining whether the debtor's financial situation constitutes abuse warranting dismissal. The UST carries the burden of establishing by a preponderance of the evidence the applicability of this ground for dismissal. In the Sixth Circuit a totality of the circumstances inquiry under § 707(b)(3)(B) involves an analysis of whether the debtor displays a lack of honesty or want of need, either of which alone

2

may provide sufficient justification for dismissal. *In re Krohn*, 886 F.2d 123, 126 (6th Cir. 1989); *Behlke v. Eisen* (*In re Behlke*), 358 F.3d 429, 434 (6th Cir. 2004). In this case, the UST does not allege debtor displays a lack of honesty. Instead, the UST questions whether he is in need of relief under chapter 7.

This Court analyzes various equitable factors in determining whether a debtor is sufficiently needy to justify granting relief under chapter 7. Perhaps the most important of these factors is the debtor's ability to repay his debts out of future earnings. *Krohn*, *supra* at 126. In turn, this primarily depends on whether the debtor has sufficient disposable income to fund a hypothetical chapter 13 plan. *Behlke*, *supra* at 435. Although courts should not artificially limit their analysis to this one factor, the Sixth Circuit in *Behlke*, *supra* at 434-35, said that in some situations ability to pay can be determinative ("the ability to pay may be but is not necessarily sufficient to warrant dismissal" for abuse). This is one such case. In these cases, courts must ascertain the debtor's disposable income in order to determine the extent of the ability to pay debts.

### A. Disposable Income

"Disposable income" is defined under the Bankruptcy Code as income received by the debtor which is not reasonably necessary for the maintenance or support of the debtor or a dependent of the debtor. 11 U.S.C. §1325(b)(2)(A)(i). This Court has explicitly rejected adopting a *per se* rule requiring the inclusion of 401(k) contributions in disposable income. *In re Beckerman,* 381 B.R. 841, 848 (Bankr. E.D. Mich. 2008). Instead, as is required by the plain language of § 707(b)(3) and this Court's interpretation

3

11-59772-wsd    Doc 22    Filed 08/01/12    Entered 08/01/12 14:13:25    Page 3 of 7

of Sixth Circuit precedent, the reasonableness of the debtor's expenses, including payments made into a 401(k), must be determined on a case-by-case basis looking at the totality of the debtor's individual circumstances. *Id* at 848. In this case, the amount of Debtor's existing retirement savings, as well as his age and time left until retirement, persuade the Court that his 401(k) loan repayments are not reasonably necessary for his maintenance or support, and are therefore includable in his disposable income.

1.  Amount of Existing Retirement Savings

The factor most relevant to the determination of whether voluntary 401(k) contributions and 401(k) loan repayments are necessary for the maintenance or support of the debtor is the amount of the debtor's existing retirement savings or other retirement provisions. The more of such a debtor has, the less likely this Court is to find these payments excludable from disposable income.

For example, in *In re Zaporski*, 366 B.R. 758, 770-71 (Bankr. E.D. Mich. 2007), that Court determined that the debtor's 401(k) contributions were includable in disposable income because the debtor had a very substantial retirement nest egg set aside, which included a 401(k) valued at $128,229 and a pension of $102,500. Also, the Sixth Circuit in *Behlke*, *supra* at 436, included the debtors' voluntary monthly 401(k) contributions in their disposable income because at the time of filing the debtors had retirement savings of $48,200, owned their own home (which had $10,000 of equity), and held stock options on 1,025 shares of Newell Rubbermaid stock.

On the other hand, *Beckerman*, *supra* at 843, involved debtors who only had $7,036 in retirement savings and were therefore permitted to have 401(k) contributions excluded in determining their ability to pay creditors. Similarly, in *In re Ray*, 325 B.R. 193, 195 (Bankr. E.D. Mich. 2005), this Court found that the debtor's monthly contributions should not be considered disposable income because her only source of retirement savings was a retirement plan valued at $31,975 and a very small pension.

That these other cases have involved voluntary contributions to a 401(k), rather than 401(k) loan repayments, is not differentiating. Since 401(k) loan repayments also have the effect of increasing the amount of a debtor's 401(k), they should be treated the same way as voluntary contributions.

In this case, Debtor has a rather substantial 401(k) valued at $127,070 and is also entitled to some sort of pension from Johnson Controls. This significant retirement program supports including Debtor's loan repayments in disposable income.

2. Age and Time Left Until Retirement

Another factor relevant to the determination of whether voluntary 401(k) contributions and 401(k) loan repayments are necessary for the maintenance or support of a debtor is the debtor's age and time left until retirement. The younger the debtor, the less likely this Court is to find these payments excludable from disposable income.

Consider *In re Kehl*, 463 B.R. 19 (Bankr. E.D. Mich. 2011), where the debtors were only in their early thirties. Partly because retirement was in their distant future, this Court held that the monthly 401(k) contributions should be included in disposable

5

income. *Kehl*, *supra.* at 23. Likewise, in *Hebbring v. U.S. Trustee*, 463 F.3d 902, 908 (9th Cir. 2006), the court stressed the young age of the 31-year-old debtor in its finding that she was not permitted a deduction for 401(k) retirement contributions.

Conversely, in *Ray*, *supra*, debtor Linda Ray was 53 years old and two years away from retirement. In excluding her monthly contributions to her retirement plan from disposable income, this Court emphasized her immediate need to rebuild prior to her looming retirement. *Id.* at 197. Also, in *Beckerman, supra* at 849, this Court held that the monthly contributions by a 55-year-old debtor to her 401(k) were "reasonably necessary" for her and her husband's support, and could not be considered disposable income for purposes of deciding whether their chapter 7 case should be dismissed.

In this case, Debtor is only 39 years old. The fact that he is relatively young and presumably has many years before retirement supports including his loan repayments in disposable income.

**B. Hypothetical Chapter 13 Plan**

A chapter 7 case is subject to dismissal for abuse if the debtor can pay a meaningful dividend to his unsecured creditors under a hypothetical chapter 13 plan. *Behlke*, *supra* at 435. During the evidentiary hearing, the UST maintained that under a chapter 13 plan Debtor would have the ability to pay about an 18% dividend to his unsecured creditors. According to Debtor, his payout to unsecured creditors would only be about 9% because he will need to finance a replacement vehicle during the life of the plan. This Court finds that both figures understate Debtor's actual ability to pay because

both parties appear to have deducted the 401(k) loan repayments from disposable income, which is inconsistent with the conclusion reached in Part A of this opinion.

By properly characterizing all 401(k) loan repayments as disposable income, and if the purchase of a replacement vehicle is disregarded, Debtor's total disposable income over 60 months is $52,455.60. Dividing this amount by his total unsecured debts of $181,781 yields a payout ratio of 29%. Even after the $16,800 cost of a replacement vehicle is deducted from disposable income, the payout ratio becomes 19.6%. There is no question that this percentage meets the threshold of being a meaningful dividend. In *Zaporski*, *supra* at 773, this Court found a 15% dividend was a meaningful dividend. Additionally, the Sixth Circuit in *Behlke*, *supra* at 437, held that a 14% dividend was a meaningful dividend. Since Debtor has an ability to pay and is not in need of relief under chapter 7, the trustee's motion to dismiss pursuant to 11 U.S.C. § 707(b)(3) is granted.

The moving party shall prepare and present an order which affords Debtor a reasonable period, the duration of which shall be spelled out in the order, within which to convert to a chapter 13 case.

.

**Signed on August 01, 2012**

                                                       /s/ Walter Shapero
                                               **Walter Shapero**
                                               **United States Bankruptcy Judge**